UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61693-CIV-LENARD/GARBER

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

JOSEPH J. MONTEROSSO, et al.,

    Defendants.
_____/

**<u>OMNIBUS ORDER</u>**

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received Plaintiff's Third Motion for Sanctions [DE 166] and Plaintiff's Motion for Rule 11 Sanctions Against GlobeTel Communications Corp., Joseph J. Monterosso and Luis E. Vargas [DE 177], as well as the concomitant Responses and Replies. The Court also held a hearing on the Motions on March 25, 2010.

The SEC contends that the Defendants committed various securities violations by engaging in a fraudulent scheme to generate fictitious revenue for GlobeTel. The two instant Motions arise out of different Procedural Rules and circumstances. Each will be discussed in turn.

**1. Plaintiff's Third Motion for Sanctions [DE 166]**

The SEC brings this Motion pursuant to Federal Rule of Procedure 37(b)(2). The SEC is seeking sanctions from GlobeTel for failure to produce requested call detail records ("CDRs") relating to Mexico, Brazil, and Philippines telecom revenue that were requested pursuant to the SEC's Request for Production, and the Court's March 16, 2009 Order. The SEC previously

requested the CDRs in 2006, during its investigation. The SEC claims that the CDRs are critical to this litigation because they were allegedly used to create invoices and to audit GlobeTel's financial statements. According to the SEC, only a limited number of CDRs were produced, and an SEC expert has evaluated some of them and said that they are "fake." The SEC claims that GlobeTel acted in bad faith and intentionally destroyed CDRs. The SEC's expert discovered patterns of CDR data that show that the records used to justify the "off-net" revenue were created by "cloning" records and using an algorithm to change certain information about each call to make the cloned record appear different from its parent, as well as other entries where someone took data from one set of calls, and added six minutes to each call and 1,066,878 to the number to make the CDRs appear different. The SEC seeks the following sanctions: prevent GlobeTel from offering evidence to rebut the opinion that the CDRs are fake, or the Court should find that the SEC is entitled to an adverse inference that had the CDRs been produced, they would have been adverse to GlobeTel.

GlobeTel contends that it was ordered to produce only those records where data could be extracted, and that is what it did. Also, GlobeTel contends that many CDRs were removed by the former employees of the company and have been produced to the SEC from those employees. Further, GlobeTel contends that the records are not fake and the SEC has no evidence of their charges of destruction or bad faith.

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'n,* 178 F.3d 1373, 1374 (11th Cir.1999). Rule 37(b)(2) provides, in part:

> **A)** *For Not Obeying a Discovery Order.* If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

  **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

A court has broad discretion to "fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co., Ltd,*. 987 F.2d 1536, 1542 (11th Cir. 1993). Furthermore,

  "A party seeking an adverse inference instruction (or other sanctions) based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) that the records were destroyed with a culpable state of mind and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Eli Lilly and Co. v. Air Exp. Intern. USA, Inc.*, 602 F.Supp.2d 1260, 1280 (S.D. Fla. 2009) (internal citations and quotations removed). The SEC has failed to submit any evidence that GlobeTel destroyed the records. Therefore, the SEC has not met its burden based on spoliation of evidence. Moreover, in the Court's view, the SEC's expert determination that the CDRs are "fake," would be properly used to discredit the CDRs at trial or as the subject of a motion in limine. Accordingly, the SEC's Third Motion for Sanctions is DENIED.

**2. Plaintiff's Motion for Rule 11 Sanctions Against GlobeTel Communications Corp., Joseph J. Monterosso and Luis E. Vargas [DE 177]**

  On May 28, 2009, Judge Lenard directed the SEC to file a combined amended complaint against all defendants in this lawsuit. *See* DE 139. The SEC filed its Second Amended Combined Complaint, and the Defendants filed a Joint Motion to Dismiss ("Joint Motion").[1] *See* DE 142 & 154. Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 8, 10, and 41, or in the alternative to strike repetitive paragraphs, pursuant to 12(f). In essence, Defendants argued that the Combined Complaint was "so redundant, confusing and improperly conclusory as to be subject to dismissal." *See* DE 154-1 at 1-2.

---

  [1]The Court notes that Judge Lenard denied the Motion to Dismiss after the filing of the instant Motion. *See* DE 287.

The SEC filed the instant Motion under Federal Rule of Civil Procedure 11. The SEC contends that the Court should impose Rule 11 sanctions because Defendants' Joint Motion contains (1) factual allegations that lack any evidentiary support, including the factual allegations that the Commission used the opportunity to file a Second Amended Combined Complaint: (a) to edit out inconsistent claims; (b) correct allegations that were proven to be incorrect during discovery; and (c) add new allegations that were not part of its earlier claims; (2) contains arguments that are frivolous because they have either been previously considered and rejected by the Court or are not warranted by existing law; and (3) was filed for delay and to deny the SEC an answer to the Second Amended Complaint before the close of fact discovery. *See* DE 177 at 1-2. The SEC seeks the following sanctions: a fine, strike the motion to dismiss, deem the Defendants to have failed to complied with Judge Lenard's order and enter default against them, and any other appropriate sanction. Defendants contend that this motion is based on the fact that the SEC does not agree with the position of the Defendants in their Joint Motion, and is an example of the inappropriate behavior the SEC is engaging in by filing frivolous motions for sanctions.

"The purpose of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers.'" *Kaplan v. Daimler Chrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Sanctions pursuant to Rule 11 are appropriate: "'(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files pleading in bad faith or for an improper purpose.'" *Id*. (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)). In determining whether to impose Rule 11 sanctions the Court should engage in a two-step analysis to determine: "'(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings

should have been aware that they were frivolous.'" *Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp.2d 1344, 1372 (S.D. Fla. 2005) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).  Rule 11 sanctions may be imposed against a represented party when there is a misrepresentation of fact in a pleading and the party "knew or reasonably should have known" that the representation was baseless.  *Byrne v. Nezhat*, 261 F.3d 1075, 1117-18 (11th Cir. 2001).

The SEC fails to show that the Defendants Motion to Dismiss is sanctionable.  First, at the hearing, there was a lengthy discussion regarding the Defendants' arguments that the SEC used the Combined Complaint to alter and add claims and allegations that were not part of the earlier complaints.  After hearing oral argument on the issue and reviewing the Joint Motion and the Reply Brief, it is apparent to the Court that the Defendants abandoned this argument and that it was not central to the Defendants' reasons for seeking dismissal.  As previously stated, it appears to the Court that the Defendants' central argument has to do with the repetitiveness of the Combined Complaint. Though the SEC contends that this is a frivolous argument for dismissal, it does not rise to sanctionable conduct.  Evidence to support a claim that is "merely weak" does not merit sanctions. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  Moreover, this is a different issue than was raised in Monterosso's and Vargas's first motions to dismiss and the Court does not view the Joint Motion as a disguised attempt for reconsideration of the previous motions.  Though similar arguments were made concerning the lumping together of the Defendants in certain allegations, the Joint Motion also raises different arguments and is centralized around the theme of the repetitive and confusing nature of the Combined Complaint.

In its Motion, the SEC relies on *Florida Family Assn., Inc. v. School Bd. of Hillsborough County* in which the defendant's motion to dismiss an amended complaint was "analogous" to a motion for reconsideration since the motion challenged two counts that were not amended.  Case No.

8:05-cv-2045-T-24 TGW, 2006 WL 3667281, *2 (M.D. Fla. Dec. 12, 2006).  However, that case did not involve Rule 11 sanctions and once again, the basic premise of Defendants' Motion to Dismiss stems from the "cut and pasted" nature of the Combined Complaint.  In the Court's view, the Joint Motion is not sanctionable, though it may make weak arguments.  Though Defendants may not have filed the best motion, their conduct does not merit a default, or other sanctions that the SEC suggests.

Last, having determined that the Joint Motion may have been weak, the Court does not view it as having been brought for an improper purpose and the SEC has not demonstrated as such.  The SEC argues that the Defendants filed the Joint Motion in order to deprive the SEC from receiving an answer to the Combined Complaint before fact discovery cut-off.  This lawsuit was filed in 2007, and the SEC's investigation was ongoing even before it was filed.  The Defendants have previously filed answers to earlier complaints.  Simply put, the SEC's argument that the Defendants were trying to deprive it from seeking discovery is not convincing in light of the extended period of time the SEC has had to conduct discovery.  Accordingly, the SEC's Motion for Rule 11 Sanctions is DENIED.  It is hereby

ORDERED that

1) Plaintiff's Third Motion for Sanctions [DE 166] is DENIED.

2) Plaintiff's Motion for Rule 11 Sanctions Against GlobeTel Communications Corp., Joseph J. Monterosso and Luis E. Vargas  [DE 177] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 30th day of March, 2010.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE